# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

HAITHEM HASAN,

                                        Plaintiff,

              v.                                        5:18-CV-806
                                                        (ATB)

ONONDAGA COUNTY, et al.,

                                        Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

HAITHEM HASAN, Plaintiff, pro se
MARY L. D'AGOSTINO and SOPHIE WEST, Asst. Corp. Counsel, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## DECISION and ORDER

Pro se plaintiff, Haithem Hasan, initiated this civil rights action against various defendants claiming several encounters with the Syracuse Police Department involving excessive force, false arrest, and malicious prosecution. The case was referred to the me for all further proceedings, including entry of judgment pursuant to 28 U.S.C. § 636©)), with the consent of the parties, on May 16, 2019. (Dkt. No. 38).   Following the court's resolution of two motions for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12©), the surviving claims, according to the date of the incident, are:

(A)   **December 26, 2015**:
    (1)   False Arrest, Excessive Force, and Malicious Prosecution against defendants Blake and Giarusso.

(B)   **May 18, 2016**:
    (1)   False Arrest, Excessive Force, and Malicious Prosecution against defendants Henderson, Ripley, and Decker.
    (2)   Excessive Force against defendant Fowler.

©)   **August 7, 2016**:
    (1)   False Arrest against defendants King, Blake, Picotte, and Breen.
    (2)   Excessive Force against defendants Blake and Picotte.

(3)     Malicious Prosecution against defendant Blake.

(3/30/2020 Memorandum-Decision and Order at 22-23, Dkt. No. 78).[1]

The parties seek disclosure of the local criminal records, including grand jury materials, relating to the December 26, 2015 and May 18, 2016 incidents.  These records were sealed by Syracuse City Court Judge James H. Cecile, pursuant to NYCPL § 160.50, because the corresponding criminal charges were apparently dismissed as a result of no-bills by county grand juries.  On December 30, 2019, plaintiff executed authorizations consenting to unsealing of the criminal records and grand jury materials. (Dkt. No. 72-4).  Defense counsel filed a motion to unseal before Judge Cecile, who agreed to the unsealing of all the records, except the grand jury materials, but for a limited period of 30 days.  (Dkt. No. 72-5).[2]  Defense counsel now moves before this court to unseal, for use in this action, all of the criminal records, including the grand jury materials, without the temporal limitations imposed by Judge Cecile.  (Dkt. No. 72-6).  Plaintiff and the District Attorney for Onondaga County were served with defendants' motion and had an opportunity to oppose it, but did not do so.

---

[1]The court presumes familiarity with the procedural and factual background of this action, as discussed in prior decisions of the court.  (Dkt. Nos. 12, 78).

[2] CPL § 160.50 provides that "[u]pon the termination of a criminal action or proceeding against a person in favor of such person . . . the record of such action or proceeding shall be sealed."  NYCPL § 160.50(1).  "'The primary purpose of the sealing of records pursuant to § 160.50 is to ensure confidentiality and to protect the individual from the potential public stigma associated with a criminal prosecution.'"  *Kanciper v. Lato*, No. CV-13-0871, 2014 WL 12847275, at *1 (E.D.N.Y. Sept. 2, 2014) (citations omitted).  "The records can be unsealed, however, and 'New York cases are clear that a party otherwise protected by a § 160.50 sealing of records can waive that protection by commencing a civil action and placing protected information into issue.'" *Id.* (citations omitted).  Because plaintiff authorized the release of his criminal records relating to the dismissed charges, and because Judge Cecile authorized the unsealing of the non-grand jury records, albeit for a limited time period, this court will not re-visit the basis for disclosure of these criminal records, other than the grand jury materials.

## I.     APPLICABLE LAW

It is well-established that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Rehberg v. Paulk*, 566 U.S. 356, 374 (2012).  "Under New York Criminal Procedure Law § 190.25(4), grand jury testimony is secret and may not be disclosed except by court order." *Baynes v. Ruderfer*, 234 F. Supp. 3d 574, 577 (S.D.N.Y. 2017).  "[B]ecause 'a federal court is not bound by state law protecting the secrecy of state grand jury proceedings', [a] federal court presiding over [a] federal civil lawsuit must . . . make 'an independent determination of whether the grand jury transcripts should be released' if [a] state court denies the request and the party seeking disclosure challenges that decision before the federal court." *Anilao v. Spota*, 918 F. Supp. 2d 157, 171 (E.D.N.Y. 2013) (citing inter alia, *Frederick v. New York City*, No. 11 Civ. 469, 2012 WL 4947806, at *11 (S.D.N.Y. Oct. 11, 2012), *reconsid. denied*, 2013 WL 310441 (S.D.N.Y. Jan. 24, 2013)).

"A federal court may . . .  authorize the disclosure of sealed state grand jury proceedings, even after a state court has declined to do so, upon a showing of particularized need outweighing the need for secrecy." *Ross v. City of New York*, No. 16-CV-0813, 2017 WL 455410, at *1 (E.D.N.Y. Feb. 2, 2017) (citations omitted).  "A particularized need can be demonstrated by showing that the material sought 'is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the[ ] request is structured to cover only material so needed.'" *Zomber v. Vill. of Garden City*, No. CV 09-4637, 2011 WL 3511011, at *2 (E.D.N.Y. Aug. 10, 2011) (citing inter alia, *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)).  *Douglas Oil* articulated the

3

reasons for grand jury secrecy that a court should keep in mind when deciding whether the need for secrecy is outweighed by the need for disclosure in a particular case:

> '(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.'

441 U.S. at 219 n. 10 (citations omitted).[3]

"Where . . . a grand jury inquiry has concluded, concerns of flight by defendants, tampering with the grand jurors, and obstructing an impending criminal trial are inapposite. There remains, however, the 'chilling effect on the ability of future grand juries to obtain witnesses.'" *Dave v. Cty. of Suffolk*, 2017 WL 2414649, at *4 (citation omitted). *See also Maldonado v. City of New York*, No. 11 CIV. 3514, 2012 WL 2359836, at *3 (S.D.N.Y. June 21, 2012). Some cases have observed that "[W]here . . . the witnesses in issue are law enforcement officers for whom testifying in the grand jury is a routine part of the job, the risks of witnesses being reluctant to testify or being reluctant to testify fully is also greatly attenuated." *Maldonado v. City of New York*, 2012 WL 2359836, at *3. *See also Palmer v. Estate of Stuart*, No. 02 Civ. 4076, 2004 WL 2429806, at *5 (S.D.N.Y. Nov. 1, 2004).

Disclosure of grand jury materials is often permitted in civil rights cases

---

[3]The New York courts have articulated similar reasons supporting grand jury secrecy. *See, e.g., Dave v. Cty. of Suffolk*, No. 15-CV-3864, 2017 WL 2414649, at *3 (E.D.N.Y. June 2, 2017).

involving allegations of misconduct before a grand jury and claims of malicious prosecution and false arrest. *See, e.g., Rhooms v. City of New York*, No. 11-CV-5910, 2014 WL 4385856, at *1-2 (E.D.N.Y. Sept. 4, 2014) (plaintiff, who seeks the minutes to establish misconduct before the grand jury and to impeach the credibility of the defendant officers and to refresh their recollections, has shown a need for the requested materials to avoid a possible injustice) (collecting cases); *Anilao v. Spota*, 918 F. Supp. 2d 157, 175-76 ("Courts in this circuit have recognized that the Douglas Oil test can be satisfied where a civil rights claim for malicious prosecution would be hindered by denial of access to grand jury materials"; "[c]ourts in this circuit have also found that the Douglas Oil test can be satisfied where a civil rights claim for false arrest would be hindered by denial of access to grand jury materials") (citations omitted); *DaCosta v. Tranchina*, No. 15-CV-5174, 2017 WL 6372710 at *4-5, 12 (E.D.N.Y. Dec. 12, 2017) (the presumption of probable cause created by an indictment "can make access to grand jury minutes a virtual prerequisite to a successful malicious prosecution claim") (citing *Frederick v. New York City*, 2012 WL 4947806, at *8)).  However, grand jury disclosure may not be appropriate in such cases where a plaintiff fails to document a strong inference of misconduct underlying the grand jury process or the investigation, or when he fails to demonstrate that he cannot derive the relevant facts using the usual tools of discovery.  *Barone v. United States*, No. 12-CV-4103, 2015 WL 6736203, at *7 (S.D.N.Y. Oct. 29, 2015).  *See also Alvarado v. City of New York*, No. CV-04-2558, 2006 WL 2252511, at *4 (E.D.N.Y. Aug. 5, 2006) (unsupported assertions that the grand jury testimonies of the police witnesses and complainant differ from the contents of their prior reports and testimony do not warrant disclosure of grand jury materials in

connection with plaintiff's claim for malicious prosecution).

"When a party moves to unseal grand jury materials to support a claim of malicious prosecution against a grand-jury witness, [courts] are constrained by the holding in *Rehberg v. Paulk* and its progeny, that grand jury witnesses have absolute immunity from suit under section 1983 and *Bivens* for their testimony." *Barone v. United States*, No. 12-CV-4103, 2015 WL 6736203, at *2 (S.D.N.Y. Oct. 29, 2015).

> However, . . . [t]he *Rehberg* Court suggested that there were activities that a law enforcement officer might conduct outside the grand jury proceeding– for instance, falsifying an affidavit–that would not be protected by absolute immunity. [*Rehberg*, 566 U.S. at 370] n. 1.  Additionally, there are situations in which grand jury testimony is admissible despite the *Rehberg* holding–notably, when it would be used for impeachment purposes, rather than for its truth, *Coggins v. Bounora*, 776 F.3d 108, 113 n. 8 (2d Cir. 2015) . . . , or if it is used against a defendant other than the grand jury witness himself.  *E.g., Frederick v. City of New York*, 2012 WL 4947806, *3-6, 9-10.

*Barone*, 2015 WL 6736203, at *2.

## II.    ANALYSIS

### A.    Disclosure of Grand Jury Materials

The defendants advance several arguments favoring disclosure of grand jury materials in this case, without opposition from the plaintiff or the District Attorney. First, the fact that the relevant grand jury proceedings in questions terminated several years ago eliminates most concerns about disclosure, other than the possible chilling effect on the ability of future grand juries to obtain witnesses.  Given that the likely grand jury witnesses were law enforcement officers, and that the plaintiff (also the defendant/target in the criminal case) consented to disclosure, the risk of a chilling effect is minimal, based on the authority cited above.

As discussed above, grand jury materials are frequently disclosed in connection with allegations of malicious prosecution and false arrest, where those materials are often required to support or defend these civil rights claims.  Because the grand juries apparently no-billed any proposed indictment against plaintiff, he does not require grand jury materials to rebut a presumption of probable cause.  However, as defense counsel notes, plaintiff made specific allegations of misconduct in connection with the grand jury proceedings involving the December 2015 incident, claiming that the prosecuting authorities called no eyewitnesses, even though the arresting officers claimed to have a witness connecting plaintiff to a shots fired incident.  (Def.'s Br. at 9, Dkt. No. 72-6; Dkt. No. 78 at 4).[4]  Plaintiff also makes allegations of law enforcement misconduct involving both incidents that occurred prior to the grand jury proceedings.  (Dkt. No. 78 at 4, 5-6).  So, there are legitimate uses plaintiff could make of the grand jury materials that would be independent of the defendants' grand jury testimony and would not run afoul of *Rehberg*.  The fact that two different grand juries apparently declined to return indictments against plaintiff support his allegations that the defendant law enforcement officers may have made misrepresentations or falsified evidence during the investigations.

The incidents in question occurred years ago, and plaintiff and defendants both apparently think that the grand jury materials will be necessary to help witnesses refresh their recollection of relevant events.  (Def.'s Br. at 7).  The grand jury materials could

---

[4] Per the Second Amended Complaint, there were numerous potential eyewitnesses to the December 2015 incident, including plaintiff's family members.  (Dkt. No. 78 at 3).  So, plaintiff would have some basis for the knowledge that at least some potential eye witnesses were not called before the grand jury.

also be used to impeach the parties to this litigation and other grand jury witnesses who may provide declarations or testimony in this action.  While police reports might provide some basis to refresh recollections or for impeachment, grand jury testimony would generally provide a more fulsome recitation of the account of the relevant incidents by law enforcement officers or other witnesses.  Comparing grand jury testimony with prior reports would be necessary to document possible inconsistencies that provide grounds for impeachment.

The court concludes that the defendants have made a showing of particularized need sufficient to warrant disclosure, at least of the transcripts of any grand jury testimony of plaintiff and any of the remaining named defendants.  As noted, most of the factors supporting grand jury secrecy do not apply to an investigation terminated long ago, and that is particularly true with respect to any testimony of the parties to this litigation.  In light of plaintiff's authorization to disclose grand jury materials and the lack of opposition from the District Attorney, in camera review of those transcripts would be unnecessary and would serve only to further delay the progress of this action. *See Rhooms v. City of New York*, 2014 WL 4385856, at *2 (in camera review of the grand jury testimony of the defendant officers prior to disclosure to be unwarranted, and only a cause of undue delay).

However, given the uncertainty about what else may be included among the grand jury materials, including possible testimony of non-party witnesses who may have a greater interest in grand jury secrecy, the court will conduct an in camera review before I make a final determination as to what else may be disclosed.  By the time those materials are submitted to the court, the parties, hopefully, would have received other

relevant criminal records and may be able to supplement their showing of need for the remaining grand jury materials. Particularly because the plaintiff is pro se in this action, the court will set tight restrictions on the use and further disclosure of any grand jury materials produced to the parties.

### B. Time Constraints on Disclosure

The court agrees with the defendants that the narrow time constraints imposed by Judge Cecile for disclosure and use of the other criminal records relating to the two incidents in question precluded meaningful use of these materials in this litigation by the parties. (See Def.'s Br. at 10-12). The court will impose other restrictions on the use and further disclosure of the grand jury materials which should address the concerns that caused Judge Cecile to impose the time limitations.

**WHEREFORE**, based on the findings above it is

**ORDERED** that:

1.      Defense counsel shall serve a copy of this Order on the entities in the City of Syracuse and County of Onondaga necessary to effectuate this Order.

2.      The Syracuse City Court, Syracuse City Clerk's Office, Onondaga County District Attorney's Office, and/or the Syracuse Police Department shall unseal, as necessary, and disclose to Corporation Counsel for the City of Syracuse, who shall in turn disclose to the pro se plaintiff, the following materials:

a.      All criminal records, including but not limited to transcripts of any grand testimony of plaintiff Haithem Hasan and defendant Ryan Blake and J.M. Giarrusso in connection with DR # 15-597890 (December 26, 2015) and

b.      All criminal records, including but not limited to transcripts of any

9

grand testimony of plaintiff Haithem Hasan and defendants Scott Henderson, Robert Ripley, Jeremy Decker, and Frank Fowler in connection with DR # 16-287956 (May 18, 2016).

3.     The Syracuse City Court, Syracuse City Clerk's Office, Onondaga County District Attorney's Office, and/or the Syracuse Police Department shall unseal, as necessary, and disclose to the undersigned Magistrate Judge for in camera review, any other grand jury materials related to DR # 15-597890 (December 26, 2015) and DR # 16-287956 (May 18, 2016).

4.     The parties (including the pro se plaintiff), and any counsel representing them, shall, subject to sanctions or possible contempt, limit their use and further disclosure of the materials ordered produced by the court, as follows:

a.     The disclosed materials shall be used only in the prosecution and defense of this action, and for no other purpose.

b.     The disclosed materials shall not, without prior permission of the court, be disclosed by any party to any other person or entity, such as prospective witnesses, except through counsel; however, pro se plaintiff may disclose the material to prospective counsel if he also provides such attorney with a copy of this order.

c.     Any person or entity to whom disclosure of materials is made by counsel shall be provided with a copy of this order and must agree to its terms, and agree not to make any further disclosures of the materials without prior permission of the court.

d.     The disclosed materials shall not be used or filed in this action, by the parties or counsel, in any fashion that would involve broad or public disclosure

without prior permission of the court.

       e.     All copies of the disclosed materials shall be returned to Syracuse Corporation Counsel at the conclusion of the litigation of this action and any subsequent appeal, for return to the entities who provided the materials, or, with the permission of the providing agency, destruction.

Dated: April 21, 2020

Andrew T. Baxter
U.S. Magistrate Judge

11